### W. C. WILSON ET AL. *v.* MARY B. CHILES ET AL.

**Trusts—Substituting Another as Trustee.**

    A chancellor will not allow a trust to be defeated for the want of a trustee, but will substitute another as trustee.

**Trusts—Distribution of Trust Fund.**

    Where a trust was created by a testator for his children and provided that as they arrived at age each should receive $1,000.00, and made provision for their support and education, final partition can not take place until the youngest child arrives at age.

### APPEAL FROM McCRACKEN CIRCUIT COURT.

June 9, 1874.

OPINION BY JUDGE PETERS:

The testator devised his real and personal estate to his wife during her life or widowhood for the support and education of his children, and on arriving at 21 years of age each child was to have one thousand dollars. In a few years after the death of the testator his widow died, leaving several of his children under 21 years of age, and some of them in tender infancy; and he gave no directions how, or by whom his estate was to be managed, and how his children were to be educated and supported, on the contingency which has happened.

This suit was brought by W. S. Chiles and Mary Bell, his wife, late Reeves, a daughter of the testator, in their own right, and by James C. Reeves, Joseph D. Reeves, Lidia Reeves, Jeff Davis Reeves, Pat W. Reeves, Fannie B. Reeves, and Hattie E. Reeves, all of whom, except Chiles' wife, were under 21 years of age; and, all being sued by said W. S. Chiles, their next friend, against W. H. Wilson,

administrator *de bonis non,* with the will of testator annexed. J. M. Reeves, for a construction of the will, insists that the trust therein created was personal to the widow, which ceased at her death, and the whole estate should be divided among her children.

The court below adjudged a partition of the estate among the children of the testator; and Wilson and Thos. W. Reeves have appealed to this court.

We think it was the obvious intention of the testator that his off-spring should be kept together as one family and supported and educated out of the common fund during the life of his wife or her widowhood, and during their minority, which he doubtless believed would be the most economical mode of supporting and educating them, and the best means of equalizing his estate among them, which he provided for, with the exception that he gave to his son James $500 more than to any of the others, on account of his afflictions.

The first question for consideration is, shall the trust be defeated because of the death of the trustee? That is answered by the well established rule that the chancellor never allowed a trust to be defeated for the want of a trustee, but always substitutes one.

Of the other children, some had completed their education, and others were considerably advanced, while some of the younger children had received no part of theirs, for the youngest was only about three years old at the death of her father; and if partition be now made, the evident intention of the testator would be defeated. It is true that the court below reserves the question whether in the distribution of the estate he will not adjudge to the younger children larger portions, in consideration that they have not yet received their education and support. But the judgment, as we understand it, makes a distribution of the testator's estate different from that he made himself, or directed to be made. He provided that his children, as they arrive at 21 years of age, shall have one thousand dollars each, and, by implication, at least, no final partition and distribution can take place until his younger child attains her majority; and the judgment, therefore, we think, is unauthorized.

The court below should have the accounts of the administrator *de bonis non* settled, and ascertain the condition of the estate and appoint a competent and fit person to execute the trust; and if there is no objection, Wilson can be appointed as trustee, on giving bond with ample securities; but he is not necessarily such trustee by

46

virtue of his appointment as administrator with the will annexed by the county court.

Wherefore, the judgment is reversed and the cause is remanded for further proceedings consistent herewith.

*Quigly, for appellants.*

*L. D. Husbands, for appellees.*